# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| THOMAS L. MASSON, JR., | Case No.: 16-CV-916 JLS (JLB) |
|---|---|
| Petitioner, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION RE PETITION FOR HABEAS CORPUS** |
| E. VALENZUELA, | |
| Respondent. | (ECF No. 18) |

Petitioner Thomas L. Masson Jr. has filed a Petition for Writ of Habeas Corpus, ("Petition," ECF No. 1), to which Respondent E. Valenzuela has filed a Response, (ECF No. 15). Petitioner then filed a Traverse, (ECF No. 17). Magistrate Judge Jill L. Burkhardt issued a Report and Recommendation, recommending the Court deny Petitioner's Petition, ("R&R," ECF No. 18). Judge Burkhardt ordered objections to the R&R to be filed no later than November 24, 2017. Petitioner did not file objections.

Having considered the Parties' arguments and the law, as well as the underlying state court record, the Court **ADOPTS** Judge Burkhardt's Report and Recommendation, and **DENIES** Petitioner's Petition for Habeas Corpus.

/ / /

/ / /

/ / /

1

## BACKGROUND

Judge Burkhardt's R&R contains a complete and accurate recitation of the relevant portions of the factual and procedural histories underlying Petitioner's claims. (*See* R&R 1–4.)[1] This Order incorporates by reference the background as set forth therein.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's R&R. The district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of timely objection, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

## ANALYSIS

Petitioner filed the present Petition pursuant to 28 U.S.C. § 2254(d). Judge Burkhardt reviewed each of Petitioner's arguments, and the Court will do the same. Petitioner has not objected to the R&R; thus, the Court applies a clear error standard of review.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court may grant habeas relief only if the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court . . . ; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

---

[1] Pin citations refer to the CM/ECF page numbers electronically stamped at the top of each page.

Under § 2254(d)(1), federal law must be "clearly established" to support a habeas claim. Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the United States Supreme] Court's decisions." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). A state court's decision may be "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [the Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the Court's] precedent." *Id.* at 406. A state court decision does not have to demonstrate an awareness of clearly established Supreme Court precedent, provided neither the reasoning nor the result of the state court decision contradict such precedent. *Early*, 537 U.S. at 8.

A state court decision involves an "unreasonable application" of Supreme Court precedent "if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." *Williams*, 529 U.S. at 407. An unreasonable application may also be found "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.*; *Wiggins v. Smith*, 539 U.S. 510, 520 (2003); *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir. 2003).

Relief under the "unreasonable application" clause of § 2254(d) is available "if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question." *White v. Woodall*, 134 S. Ct. 1697, 1706–07 (2014) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). An unreasonable application of federal law requires the state court decision to be more than incorrect or erroneous. *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003). Instead, the state court's application must be "objectively unreasonable." *Id.*; *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). Even if a petitioner can satisfy § 2254(d), the petitioner must still

demonstrate a constitutional violation. *Fry v. Pliler*, 551 U.S. 112, 119–22 (2007). With this general framework in mind, the Court turns to Petitioner's claims.

### I. Claim One: Ineffective Assistance of Counsel

Petitioner raises an ineffective assistance of counsel claim. Petitioner argues that his counsel was "in collaboration" or "in concert" with the state's "malicious prosecution" when Petitioner pled guilty to "an illegal enhancement added to count 2." (Petition 7.) As Judge Burkhardt recognized, Petitioner failed to exhaust his ineffective assistance of counsel claim. (R&R 11–13.) Generally a habeas petition may not be granted unless the applicant has exhausted remedies in state court. 28 U.S.C. § 2254(b)(1). However, a district court may deny a habeas petition when "it is perfectly clear that the applicant does not raise even a colorable federal claim." *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005); *see* 28 U.S.C. § 2254(b)(2). Judge Burkhardt correctly concluded that the Court may reach the merits of Petitioner's claim under § 2254(b)(2).

Judge Burkhardt identified the relevant Supreme Court precedent for claims of ineffective assistance of counsel in the plea bargain context. (R&R 13 (citing *Missouri v. Frye*, 566 U.S. 134, 140 (2012); and *Hill v. Lockhart*, 474 U.S. 52, 57 (1985); and *Strickland v. Washington*, 466 U.S. 668, 688 (1984)).) Judge Burkhardt determined that Petitioner's ineffective assistance of counsel claim rests on essentially two contentions. First, Petitioner argues his counsel should have challenged Count 2 and the California Penal Code § 667.5(c)(21) special allegation brought against him. As Judge Burkhardt correctly recognized, legal jeopardy does not attach upon arrest and therefore Petitioner could have been arrested for a prior burglary, released, and later charged with that burglary. (*See id.* at 14.)

Second, Petitioner asserts that he received ineffective assistance of counsel on the grounds that his attorney forced him to enter into a plea agreement "under extreme duress." (*Id.* at 15 (quoting Petition 7).) Where a criminal defendant pleads guilty on the advice of counsel, the defendant may only contest the voluntary and intelligent nature of his guilty plea by demonstrating his counsel's advice was not "within the range of competence

demanded of attorneys in criminal cases." *Tollet v. Henderson*, 411 U.S. 258, 266 (1973) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). Judge Burkhardt determined that Petitioner faced a sentence of up to twenty-two years and eight months if convicted at trial. (R&R 16.) Further, Petitioner could have been sentenced to a maximum of eleven years and four months at his sentencing hearing. (*Id.*) The Court agrees with Judge Burkhardt that Petitioner does not show how he could have succeeded at trial. Petitioner has not demonstrated an underlying "constitutional infirmity," *Tollet*, 411 U.S. at 266, and accepting a plea bargain well under the maximum possible sentence does not overcome the strong presumption that his counsel's advice to take the plea bargain was "well within the range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Accordingly, the Court finds no error in Judge Burkhardt's finding and **ADOPTS** the R&R as to Petitioner's first claim. The Court **DENIES** Petitioner's first claim.

## II. Claim Two: Prosecutorial Misconduct

Petitioner brings a prosecutorial misconduct claim on three bases. First, Petitioner "suffered malicious prosecution and misconduct" when the prosecution charged him with violating California Penal Code § 667.5(c)(21) "with the intent to expose petitioner to greater punishment." (R&R 17 (quoting Petition 3).) Second, Petitioner alleges that the prosecution "willfully and intentionally altered" the pretrial services report used at Petitioner's proceedings to "aggravate Petitioner[']s prior criminal history (or lack thereof) at his arraignment." (*Id.* at 18 (quoting Traverse 4–5, 7).) Third, Petitioner claims that the prosecutor coerced him to plead guilty. (*Id.*)

Judge Burkhardt first cites *Tollet v. Henderson*, 411 U.S. at 267, for the proposition that when a criminal defendant pleads guilty on the advice of counsel, he may not thereafter raise independent claims relating to the deprivation of his constitutional rights occurring prior to the guilty plea. (R&R 19.) Because Petitioner pled guilty on the advice of counsel, he may not raise a habeas challenge against the prosecutor's decision to charge Petitioner with Penal Code § 667.5(c)(21) and the characterization of the pretrial services report. (*Id.*) The Court agrees with Judge Burkhardt's conclusion that Petitioner's claims are

5

preempted. Additionally, the Court concurs with Judge Burkhardt's findings that Petitioner's first and second argument fail on the merits. (*See id.* at 20–26.) Finally, Judge Burkhardt finds that Petitioner has not demonstrated that his guilty plea was not entered into knowingly, intelligently, and voluntarily. (*Id.* at 27.) The Court agrees; Petitioner's argument that he was improperly charged with the Count 2 burglary and § 667.5(c)(21) is incorrect on its face. (*See id.* at 7–9 (explaining why California Penal Code § 667.5(c)(21) was correctly applied to Petitioner).) Further, Petitioner has not demonstrated any threat, misrepresentation, or promise that was outside the prosecutor's discretion. (*Id.* at 28 (citing *Brady v. United States*, 397 U.S. 742, 755 (1970)).)

In light of the foregoing, the Court finds no error in Judge Burkhardt's finding and **ADOPTS** the R&R as to Petitioner's second claim and **DENIES** Petitioner's second claim.

### III. Claim Three: Judicial Error

Petitioner's third claim is that the trial court erred by accepting and applying Penal Code § 667.5(c)(21) thus resulting in the imposition of a greater sentence. (*Id.* at 29 (citing Petition 9).) As Judge Burkhardt recognized, Penal Code § 667.5(c)(21) is not an enhancement statute; the statute makes Petitioner's burglary conviction a "violent felony." The statute means that Petitioner may face an increased punishment if he faces future offenses and limits Petitioner's good conduct credits. (*Id.* at 31.) Thus, Petitioner's claim is based on an incorrect premise. And, the decision to bring certain charges rests with the prosecution and not the court. (*Id.* at 30 (citing, e.g., *Wayte v. United States*, 470 U.S. 598, 607 (1985)).)

Finally, Petitioner raises a claim, for the first time, in his Traverse that "he was never assigned counsel during his arraignment process." (Traverse 5.) Instead, he asserts that he was assigned an unidentified woman claiming to be "an intern for the San Diego County Public Defenders Office." (*Id.*) Judge Burkhardt determined that this claim is unexhausted and meritless. (R&R 31–32.) The Court agrees. Assuming, for the sake of argument, that Petitioner was denied counsel at his arraignment, *see Bell v. Cone*, 535 U.S. 685, 695–96 (2002) (citing *Hamilton v. Alabama*, 368 U.S. 52, 54 (1961); and *White v. Maryland*, 373

U.S. 59, 60 (1963) (per curiam)), he later pled guilty on the advice of counsel. Therefore, under *Tollet*, Petitioner may only contest the voluntary and intelligent nature of his guilty plea by demonstrating his counsel's advice was not "within the range of competence demanded of attorneys in criminal cases." 411 U.S. at 266 (citation omitted). As previously discussed, Petitioner has not demonstrated his guilty plea was outside the range of competence demanded by attorneys in criminal cases. Thus, any underlying constitutional infirmity, such as denial of counsel during arraignment, was preempted by Petitioner's knowing and voluntary guilty plea.

Moreover, new habeas claims cannot be raised for the first time in a Traverse. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994); *see also Delgadillo v. Woodford*, 527 F.3d 919, 930 n.4 (9th Cir. 2008). Petitioner states that he is not attempting to amend his Petition—he is only supplementing it. (Traverse 2.) His Petition does not raise any argument as to his arraignment or representation during arraignment; this is clearly a new claim.

Accordingly, the Court **ADOPTS** the R&R as to Petitioner's third claim. The Court **DENIES** Petitioner's third claim.

## IV. Evidentiary Hearing

The Court briefly addresses the issue of an evidentiary hearing. Petitioner's habeas Petition does not explicitly move for an evidentiary hearing. His Traverse, however, obliquely references an evidentiary hearing when Petitioner requested his allegations regarding his third claim "be deemed true until an evidentiary hearing." (Traverse 5, 9.)

"In habeas proceedings, an evidentiary hearing is required when the petitioner's allegations, if proven, would establish the right to relief." *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998) (citing *Campbell v. Wood*, 18 F.3d 662, 679 (9th Cir. 1994); and *Townsend v. Sain*, 372 U.S. 293, 312 (1963)). "However, an evidentiary hearing is *not* required on issues that can be resolved by reference to the state court record." *Id.* (citing *Campbell*, 18 F.3d at 679; and *United States v. Moore*, 921 F.2d 207, 211 (9th Cir. 1990); and *United States v. Birtle*, 792 F.2d 846, 849 (9th Cir. 1986)).

Judge Burkhardt's finding as to Petitioner's third claim was based on the legal conclusion that Petitioner did not identify an applicable Supreme Court holding. (R&R 32.) Thus, there is no issue of fact. Moreover, Petitioner cannot raise a habeas claim for the first time in a Traverse. *See Cacoperdo*, 37 F.3d at 507. Accordingly, the issues Petitioner raised may be resolved to the state court record and an evidentiary hearing is not warranted.

## V. Certificate of Appealability

Petitioner does not request a certificate of appealability. When a district court enters a final order adverse to a petitioner in a habeas proceeding, it must either issue or deny a certificate of appealability, which is required to appeal a final order in a habeas corpus proceeding. *See* 28 U.S.C. § 2253(c)(1)(A). A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller–El*, 537 U.S. at 335–36. The federal rules governing habeas cases brought by state prisoners require a district court that dismisses or denies a habeas petition to grant or deny a certificate of appealability in its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. For the reasons set forth above, Petitioner has not shown "that reasonable jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 743, 484 (2000). Accordingly, the Court **DECLINES** to issue a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the R&R, (ECF No. 18), and **DENIES** each claim of Petitioner's Petition for Habeas Corpus, (ECF No. 1). Because this Order concludes litigation in this matter, the Clerk **SHALL** close the file.

**IT IS SO ORDERED.**

Dated: May 14, 2018

Hon. Janis L. Sammartino
United States District Judge